United States District Court
Southern District of Texas
**ENTERED**
January 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § § § | |
| | § | Case No. 4:23-cr-0593-1 |
| v. | § § | |
| Antonio Jackson | § § § | |

## ORDER REVOKING RELEASE

On January 9, 2025, the Court held a hearing to determine whether Defendant Antonio Jackson violated conditions of his release and, if so, what the consequences should be. Based on the evidence, and as pronounced on the record, the Court concluded that Defendant's release should be revoked and that he be detained pending trial.

Pursuant to 18 U.S.C. § 3148(b), an order of revocation and detention is mandatory if the Court finds (1) either probable cause that the defendant committed a crime while on release, or clear and convincing evidence that the defendant violated some other condition of release; and (2) either the factors from Section 3142(g) indicate that there is no condition or combination of conditions that will reasonably assure that the defendant will not flee or pose a danger, or that the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b). In addition, a finding

that probable cause exists to conclude that the defendant committed a crime while on release raises a rebuttable presumption that there is no condition or combination of conditions that will assure that the defendant will not pose a danger to any person or the community. *Id.*

At the hearing, the Government presented more than sufficient evidence demonstrating probable cause that Defendant committed two fraud-related offenses while on release. First, Defendant was charged on December 9, 2024, with credit card/debit card abuse, a state-law felony. This charge stems from his unauthorized use of a stolen credit card number to pay for his child's daycare fee, a transaction he made over the phone. During the transaction, he provided his name and contact information (phone and email), which further ties him to the offense. Second, Defendant picked up another charge on December 17, 2024, when he provided a false date of birth to law enforcement during a traffic stop. This resulted in a misdemeanor charge for failure to identify/fugitive. During the stop, Defendant was arrested on the outstanding warrant for the credit card offense.

The probable cause finding triggers a presumption that Defendant's continuation on release would pose an unacceptable danger to the community. Even assuming that Defendant had rebutted that presumption, however, the evidence indicates that he is unlikely to abide by any conditions of release that this Court could impose to mitigate that risk.

Defendant is already facing a potentially significant term of imprisonment on the offenses charged in the federal indictment—four charges for wire fraud, 18 U.S.C. § 1343, and four charges of unlawfully engaging in monetary transactions in criminally derived property, *id.* § 1957. Moreover, Defendant has multiple prior convictions for other fraud offenses, including for forgery and credit card fraud. Yet despite being released on conditions in this action, Defendant persisted in committing yet more fraud offenses, thereby violating a basic restriction that he must refrain from committing new crimes.

The Court also rejects Defendant's suggestion that adding home detention or other location-based restrictions would adequately safeguard against the evident financial danger he poses. Such restrictions would pose no obstacle to Defendant's commission of similar new offenses, given that Defendant conducted the fraudulent credit card transaction over the phone.

Defendant touts the fact that he promptly reported to pretrial services, initially, after speaking to law enforcement about the credit card fraud, and later, after he was arrested following the traffic stop. But the evidence indicates that he attempted to evade detection by providing a false date of birth during the traffic stop after learning of the investigation into the credit card fraud. This is not the hallmark of someone who could be trusted to abide by any additional terms of release.

Defendant's proffer of his girlfriend/fiancée as a potential third-party custodian is equally inadequate. Defendant was already living with her when he picked up these new charges, thereby indicating that she lacks sufficient sway to ensure that he would comply with any further conditions of release.

It is therefore **ORDERED** that Defendant Antonio Jackson's $10,000 unsecured bond (Dkt. 9) and his conditions of release (Dkt. 10) are hereby **REVOKED**, and that he be **DETAINED** pending trial.

Signed on January 14, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge